UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

JOHN FLANAGAN,

                                Petitioner/Plaintiff,

                 - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, MINERVA ZANCA, Principal of the
Pan American International High School, CHATZY
PRESTON, JUAN S. MENDEZ, Superintendent of
Queens High Schools, and JOHN DOE,

                          Respondents/Defendants.
----------------------------------------------------------------------- x

**AMENDED ANSWER TO
FIRST AMENDED
COMPLAINT**

13 Civ. 8456 (LAK)

                  Respondents/Defendants New York City Department of Education ("DOE"),

Minerva Zanca, Chatzy Preston, and Juan S. Mendez (collectively "Defendants"), by their

attorney, JAMES E. JOHNSON, Corporation Counsel of the City of New York, as and for their

Answer to the First Amended Complaint ("Complaint"), respectfully allege as follows:

                1.     Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that Plaintiff purports to proceed as set forth therein, that on or about November 25, 2013

Defendants removed Plaintiff's hybrid action from the Supreme Court of the State of New York,

New York County to the United States District Court for the Southern District of New York, that

the United States Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a

Dismissal and Notice of Rights letter dated February 4, 2014 and that the Complaint has been

filed within 90 days of the receipt of the Dismissal and Notice of Rights letter.

                2.     Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the last known address for Plaintiff on file with the DOE is 321 East 108th Street, New York, New York 10029, and Plaintiff self-identifies as African-American.

4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the DOE is and was a school board duly organized and existing pursuant to the Education Law of the State of New York and that the DOE maintains an office at 52 Chambers Street, New York, New York 10007, and respectfully refer the Court to Education Law § 2590 et seq. for a statement of the powers and duties of the DOE.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant Minerva Zanca ("Principal Zanca") is the principal of the Pan American International High School located at 45-10 94th Street, Elmhurst, New York 11373, and that Plaintiff purports to proceed as set forth therein.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant Juan S. Mendez ("Superintendent Mendez") is the Superintendent of Queens High Schools and has a principal place of business located at 30-48 Linden Place, Flushing, New York 11354.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendant Chatzy Preston ("Ms. Preston") is employed by the DOE as a clerical associate and has a principal place of business located at 30-48 Linden Place, Flushing, New York 11354.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court as set forth therein.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the date of birth for Plaintiff on file with the DOE is May 22, 1984.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff began teaching at the Pan American International High School in or about September 2008.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff began teaching at the Pan American High School in or about Fall 2008, and received an overall rating of "satisfactory" on his year-end evaluation for the 2008-2009 school year.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff received an overall rating of "satisfactory" on his year-end evaluation for the 2009-2010 school year.

20.    Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Plaintiff received an overall rating of "satisfactory" on his year-end evaluation for the 2010-2011 school year.

21.    Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff received an overall rating of "satisfactory" on his year-end evaluation for the 2011-2012 school year.

22.    Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Principal Zanca was assigned as principal to Pan American International High School in the Fall of 2012, and Plaintiff was evaluated by former principal Marcella Barros and Assistant Principal Anthony Riccardo ("Assistant Principal Riccardo") for the 2008-2009, 2009-2010, 2010-2011, and 2011-2012 school years.

23.    Deny the allegations set forth in paragraph "23" of the Complaint, except admit that in the 2012-2013 school year, Plaintiff was observed and evaluated by Principal Zanca and Assistant Principal Riccardo, and that Plaintiff received unsatisfactory ratings for his classroom observations.

24.    Deny the allegations set forth in paragraph "24" of the Complaint,

25.    Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiff received an overall rating of "unsatisfactory" on his year-end evaluation for the 2012-2013 school year.

26.    Deny the allegations set forth in paragraph "26" of the Complaint, except admit that, by letter dated June 14, 2013, Superintendent Mendez informed Plaintiff that he was reviewing whether Plaintiff's services as a probationary teacher should be discontinued, and

Defendants respectfully refer this Court to the June 14, 2013 letter referred to herein for an accurate statement of its contents.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that Superintendent Mendez received Plaintiff's written response concerning the discontinuance of his probationary employment, and Defendants respectfully refer this Court to Plaintiff's written response referred to herein for an accurate statement of its contents.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff spoke with individuals at the school, including Assistant Principal Riccardo, about his "unsatisfactory rating" and discontinuance, and deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff spoke with individuals at the school, including Assistant Principal Riccardo, and deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff spoke with individuals at the school, including Assistant Principal Riccardo, and deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Superintendent Mendez received a written response from Plaintiff concerning the discontinuance of his probationary employment, and Defendants respectfully refer this Court to Plaintiff's written response referred to herein for an accurate statement of its contents.

33.     Deny the allegations set forth in paragraph "33," except admit that, by letter dated August 8, 2013, Plaintiff was discontinued from his probationary employment effective the close of business July 17, 2013, and respectfully refer this Court to the August 8, 2013 letter referred to herein for an accurate statement of its contents.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that on or about August 29, 2013, Plaintiff filed for an appeal and review of his "unsatisfactory" rating for the 2012-2013 school year and discontinuance with the DOE's Office of Appeals and Review.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     In response to paragraph "36" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "35" of the Complaint as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     In response to paragraph "38" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     In response to paragraph "40" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "39" of the Complaint as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     In response to paragraph "42" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "41" of the Complaint as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     In response to paragraph "44" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "43" of the Complaint as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

## **FOR A FIRST DEFENSE:**

46.     The Complaint fails to state a claim upon which relief can be granted.

## **FOR A SECOND DEFENSE:**

47.     The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

## **FOR A THIRD DEFENSE:**

48.     The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## **FOR A FOURTH DEFENSE:**

49.     The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## **FOR A FIFTH DEFENSE:**

50.     Federal courts lack subject matter jurisdiction to consider Plaintiff's claim pursuant to CPLR Article 78.

## FOR A SIXTH DEFENSE:

51.     At all times relevant to the acts alleged in the Complaint, Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.  The actions taken would have been taken regardless of any alleged protected activity.

## FOR A SEVENTH DEFENSE:

52.     At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## FOR AN EIGHTH DEFENSE:

53.     Defendants have not adopted any policy, practice, or custom violative of Plaintiff's Constitutional rights.

## FOR A NINTH DEFENSE:

54.     The damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

   **WHEREFORE**, Defendants respectfully request that the Complaint be dismissed

and that the relief sought therein be denied in all respects, together with such and further relief as

the Court deems just and proper.

Dated:   New York, New York
      November 15, 2019

         **JAMES E. JOHNSON**
         Corporation Counsel of the
          City of New York
         Attorney for the Defendants
         100 Church Street
         New York, New York 10007
         (212) 356-2460
         jgiambro@law.nyc


         By:    /s/ Jessica Giambrone
             Jessica Giambrone
             Assistant Corporation Counsel



TO:   Noah A. Kinigstein, Esq.
     Attorney for Plaintiff
     315 Broadway, Suite 200
     New York, New York 10007
     (212) 285-9300

Index No. 13 Civ. 8456 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FLANAGAN,

Petitioner/Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, MINERVA ZANCA, Principal of the Pan American International High School, CHATZY PRESTON, JUAN S. MENDEZ, Superintendent of Queens High Schools, and JOHN DOE,

Respondents/Defendants.

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

JAMES E. JOHNSON
*Corporation Counsel of the City of New York*
*Attorney for the Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jessica Giambrone*
*Tel.: 212-356-2460*
*Matter No. 2013-051332*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................................................., 2019*

*..................................................................................*

*Attorney for ..........................................................*